# Court of Appeals, State of Michigan

# ORDER

People of MI v Charles Duane Finch

Docket No.    346412

LC No.    76-009004-FH

Brock A. Swartzle
Presiding Judge

Jane E. Markey

James Robert Redford
Judges

The Court GRANTS the motion for reconsideration and VACATES this Court's opinion issued January 21, 2020. A new opinion is attached to this order.

/s/ Brock A. Swartzle

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 17, 2020
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES DUANE FINCH,

Defendant-Appellant.

UNPUBLISHED
March 17, 2020

No. 346412
Jackson Circuit Court
LC No. 76-009004-FH

## ON RECONSIDERATION

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant appeals the judgment of sentence entered following resentencing for his 1977 convictions of first-degree felony murder, MCL 750.316(1)(b), and conspiracy to commit first-degree murder, MCL 750.157a, offenses he committed when 16 years old. On May 11, 1977, the trial court sentenced defendant to life without parole (LWOP) for both offenses.[1]

Because the United States Supreme Court in *Miller v Alabama*, 567 US 460; 132 S Ct. 2455; 183 L Ed2d 407 (2012), held unconstitutional the imposition of mandatory LWOP sentences on juveniles, the circuit court held a lengthy hearing on September 19, 2018. On September 26, 2018, the circuit court entered its judgment of sentence imposing a term of 40 to 60 years' incarceration with credit for 15,404 days on both counts.

After entry of the sentence, the Michigan Department of Corrections (MDOC) communicated with the sentencing court regarding resentencing defendant on the conspiracy count and the circuit court then on its own initiative scheduled and held another resentencing hearing on

---

[1] Our Supreme Court in *People v Jahner*, 433 Mich 490; 446 NW2d 151 (1989), held that defendants convicted of conspiracy to commit first-degree murder are eligible for parole consideration and retroactively applied its holding to defendants who received mandatory LWOP sentences for such conspiracy convictions.

October 15, 2018, after which it issued an opinion and order amending defendant's judgment of sentence to a term of 40 to 60 years on Count 1, felony murder; and life on Count 3, conspiracy to commit first-degree murder.

In an unpublished opinion per curiam, we affirmed the circuit court's judgment of sentence following its resentencing of defendant on his conspiracy conviction. See *People v Finch*, unpublished opinion of the Court of Appeals, issued January 21, 2020 (Docket No. 346412). Defendant moved for this Court's reconsideration of its opinion on the ground that our Supreme Court's order in *People v Turner*, ___ Mich ___, ____; 936 NW2d 827 (2019), ruled that this Court erred by ruling that MCL 769.25a does not allow resentencing of a defendant on concurrent sentences and held that, "at a *Miller* resentencing, the trial court may exercise its discretion to resentence a defendant on a concurrent sentence if it finds that the sentence was based on a legal misconception that the defendant was required to serve a mandatory sentence without parole on the greater offense." We granted defendant's motion for reconsideration.

In light of our Supreme Court's ruling in *Turner*, we vacate our January 21, 2020 opinion and remand to the sentencing court for its determination whether defendant's concurrent LWOP sentence on his conspiracy conviction, which was later converted to a life with the possibility of parole by *People v Jahner*, 433 Mich 490; 446 NW2d 151 (1989), was based on a legal misconception and whether it resentenced defendant under the misconception that it lacked discretion to resentence defendant on that conviction.

If on remand the circuit court determines that defendant's conspiracy conviction was based on a legal misconception that it lacked discretion to resentence defendant on that conviction, it should vacate his sentence on his conspiracy conviction and resentence defendant on that conviction. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford